UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td colspan="2">----------------------------------------------------------------X</td><td></td></tr>
<tr><td>BENEDICT P. MORELLI and THE MORELLI</td><td>:</td><td></td></tr>
<tr><td>LAW FIRM, PLLC, f/k/a Morelli Ratner, PC</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td style="text-align:right">Plaintiffs,</td><td>:</td><td>1:19-cv-10707-GHW</td></tr>
<tr><td style="text-align:center">-against-</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td>MEMORANDUM OPINION</td></tr>
<tr><td>JEREMY ALTERS,</td><td>:</td><td>AND ORDER</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td style="text-align:right">Defendant.</td><td>:</td><td></td></tr>
<tr><td colspan="2">----------------------------------------------------------------X</td><td></td></tr>
</table>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/8/2020

GREGORY H. WOODS, United States District Judge:

Plaintiff Benedict P. Morelli ("Morelli") and Defendant Jeremy Alters are lawyers who used to be partners. Their 2015 partnership agreement contains an arbitration provision. However, although Morelli executed parts of that agreement on behalf of his firm, now known as the Morelli Law Firm PLLC ("Morelli Law"), the arbitration provision does not cover claims brought on behalf of the firm. Morelli claims that the two also executed another contract in 2018 in which he was promised fees that were due to Alters from ongoing litigation; that contract does not contain an agreement to arbitrate. Alters says he never executed the final version of the 2018 agreement. Morelli sued Alters, alleging that Alters defrauded him.

Alters now petitions the Court to compel arbitration of all of Morelli's claims and, in the alternative, to stay any claims that are not subject to arbitration. Because Morelli agreed to arbitrate in the 2015 agreement, the petition is GRANTED as to his claims arising out of that agreement. However, because no representative of Morelli Law agreed to arbitrate its claims arising out of that agreement, the petition is DENIED as to those claims. The petition to arbitrate claims arising out of the 2018 Agreement and the request to stay the non-arbitrable claims are likewise DENIED.

**I. BACKGROUND**[1]

The Court has published an opinion in this case that provides further background.  *See Morelli v. Alters* ("*Morelli I*"), No. 1:19-CV-10707-GHW, 2020 WL 1285513 (S.D.N.Y. Mar. 18, 2020).  Therefore, the Court only briefly recites the relevant facts and procedural history.  Morelli and Alters are former business partners.  On January 7, 2020, Plaintiffs filed a complaint against Alters in this action, Dkt No. 19, alleging fraudulent inducement and misrepresentation.  *See Morelli I*, 2020 WL 1285513, at *4 (citing Complaint, Dkt No. 19, ¶¶ 64-94).  The complaint centers on two agreements between the parties, one executed in 2015 (the "2015 Agreement," Dkt No. 19-1) and the second executed in 2018 (the "2018 Agreement," Dkt No. 19-2).  Alters filed a motion to dismiss the complaint for lack of subject matter jurisdiction and improper venue on February 5, 2020.  Dkt No. 27.

The Court denied Alters' motion in *Morelli I*.  The Court noted that the 2015 Agreement contains a provision which states "[t]he parties to this agreement agree to mediate any disputes with a mutually agreed upon mediator.  If mediation fails to resolve any dispute, the parties agree to arbitrate with a mutually agreed arbitrator or arbitrators."  *Morelli I*, 2020 WL 1285513, at *8 (quoting 2015 Agreement at 10 § VII).  The Court held that this provision constituted a valid agreement to arbitrate.  *See id.*  For that reason, the Court held that it would "likely" require Morelli to arbitrate his claims related to the 2015 Agreement if Alters petitioned to compel arbitration.  *Id.*  However, because Morelli executed the arbitration provision individually—and not on behalf of Morelli Law— the Court held that Morelli Law could not be compelled to arbitrate its claims.  *See id.* at *11-12.  The Court also held that Plaintiffs' fraudulent misrepresentation claim, which is rooted in the 2018 Agreement, was not subject to arbitration because that agreement does not contain an arbitration provision.  *See id.* at *12-14.  Alters filed this petition to compel arbitration on April 1, 2020.  Dkt

---

[1]  Unless otherwise noted, the facts in this section are undisputed.

Nos. 54-56.  Plaintiffs subsequently filed an opposition, Dkt No. 58, and Alters filed a reply.  Dkt No. 59.

## II. LEGAL STANDARD

Under Section 2 of the FAA, as a general matter, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The FAA also provides that parties can petition the district court for an order compelling arbitration under 9 U.S.C. § 4.  Section 4 of the FAA provides:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. . . .

9 U.S.C. § 4.  A party has "refused to arbitrate" within the meaning of Section 4 if it "commences litigation or is ordered to arbitrate the dispute by the relevant arbitral authority and fails to do so." *LAIF X SPRL v. Axtel, S.A. de C.V.*, 390 F.3d 194, 198 (2d Cir. 2004) (citation and brackets omitted); *see also Jacobs v. USA Track & Field*, 374 F.3d 85, 89 (2d Cir. 2004) (finding no refusal to arbitrate where respondents had not commenced litigation nor failed to comply with an order to arbitrate).

"The role of federal courts, in ruling on a petition to compel arbitration under the FAA, is 'limited to determining two issues:  i) whether a valid agreement or obligation to arbitrate exists, and ii) whether one party to the agreement has failed, neglected, or refused to arbitrate.'"  *Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 566-67 (S.D.N.Y. 2013) (quoting *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 120 (2d Cir. 2003)).  "It has long been settled that arbitration is a matter of contract and that, therefore, a party cannot be compelled to arbitrate issues that a party has not agreed to arbitrate."  *Id.* at 567 (citations omitted).  If the Court determines "that an arbitration agreement is valid and the claim before it is arbitrable, it must stay or dismiss further judicial

proceedings and order the parties to arbitrate." *Patterson v. Raymours Furniture Co.*, 96 F. Supp. 3d 71, 75 (S.D.N.Y. 2015) (quotation omitted).

"The question of whether the parties have agreed to arbitrate, *i.e.*, the 'question of arbitrability,' is an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220,229 (2d Cir. 2016) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)) (citation omitted). "This principle flows inexorably from the fact that arbitration is simply a matter of contract between the parties." *Id.* (quotation and brackets omitted); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (holding that "arbitration is a matter of contract") (quotation omitted); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 682 (2010) (holding that, with respect to an arbitration agreement, "as with any other contract, the parties' intentions control") (quotation omitted). Hence, "[t]he threshold question of whether the parties indeed agreed to arbitrate is determined by state contract law principles." *Nicosia*, 834 F.3d at 229 (citation omitted). However, "[t]he Supreme Court has interpreted the FAA broadly, finding a 'liberal federal policy favoring arbitration agreements.'" *Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 533 (E.D.N.Y. 2016) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)) (brackets omitted). Furthermore, "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

"[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. Alabama v. Randolph*, 531 U.S. 79, 91 (2000) (citations omitted); *see also Application of Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 342-43 (S.D.N.Y. 2014) ("Whether it argues that arbitration is improper because the arbitration agreement is invalid under a defense to contract formation, or asserts that the arbitration contract does not

encompass the claims at issue, either way, the resisting party shoulders the burden of proving its defense.") (quotation omitted).  Courts in this Circuit engage in the following inquiry:

> [F]irst, [the court] must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration.

*JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004) (quoting *Oldroyd v. Elmira Sav. Bank, FSB*, 134 F.3d 72, 75-76 (2d Cir. 1998)).

## III. DISCUSSION

Morelli's claims under the 2015 Agreement are subject to arbitration.  In *Morelli I*, the Court held that "Section 7 [of the 2015 Agreement] is an unambiguous agreement to arbitrate."  2020 WL 1285513, at *8; *see also* 2015 Agreement at 10 § VII ("The parties to this agreement agree to mediate any disputes with a mutually agreed upon mediator.  If mediation fails to resolve any dispute, the parties agree to arbitrate with a mutually agreed arbitrator or arbitrators.").  *Morelli I* rejected Plaintiffs' argument that Section 7 was so indefinite that it was unenforceable, that Alters failed to satisfy a condition precedent by failing to engage in mediation, and that the court and not the arbitrator must decide a claim sounding in fraud.  2020 WL 1285513, at *8-11.  Because Morelli agreed to arbitrate his claims for fraudulent inducement and declaratory judgment arising under the 2015 Agreement, Alters' petition to compel arbitration is granted as to those claims.  As Alters has requested, the Court will stay litigation of those claims.  *See Winter Inv'rs, LLC v. Panzer*, No. 14 CIV. 6852(KPF), 2015 WL 5052563, at *11 (S.D.N.Y. Aug. 27, 2015) (granting stay of claims subject to arbitration); *see also Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) ("[T]he text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested.").

However, neither Morelli Law's nor Plaintiffs' claims under the 2018 Agreement are subject to arbitration. As discussed in *Morelli I*, the 2015 Agreement specifically exempts Morelli Law from the ambit of its arbitration provision. 2020 WL 1285513, at *11-12. Moreover, the 2018 Agreement does not contain an arbitration provision. *See id.* at *12-14. Therefore, those claims are not subject to arbitration.

The Court must therefore decide whether to stay the non-arbitrable claims in this action. "The decision to stay the balance of the proceedings pending arbitration is a matter largely within the district court's discretion to control its docket." *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 856 (2d Cir. 1987) (citation omitted); *see also White v. Cantor Fitzgerald, L.P.*, 393 F. App'x 804, 808 (2d Cir. 2010) ("[T]he district court is not required to stay the litigation of the nonarbitrable claims before it . . . pending the outcome of any arbitrated claims.").

The Court must balance several factors, in its discretion, in deciding whether to grant a stay of non-arbitrable claims. "The Court must consider factors such as the desirability of avoiding piecemeal litigation and the degree to which the cases necessitate duplication of discovery or issue resolution." *Katsoris v. WME IMG, LLC*, 237 F. Supp. 3d 92, 110 (S.D.N.Y. 2017) (quotation omitted). "A discretionary stay is particularly appropriate where there is significant factual overlap between the remaining claims and the arbitrated claims." *Id.* at 110-11 (quotation omitted); *see also Moore v. Interacciones Glob., Inc.*, No. 94-CV-4789 (RWS), 1995 WL 33650, at *7 (S.D.N.Y. Jan. 27, 1995) ("It is well-settled that claims are appropriately stayed when they involve common issues of fact and law with those subject to arbitration or when the arbitration is likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants." (citations omitted)). Similarly, "[b]road stay orders are particularly appropriate if the arbitrable claims predominate the lawsuit and the non-arbitrable claims are of questionable merit." *Genesco*, 815 F.2d at 856 (citations omitted).

The Court should also consider whether the issues decided in the arbitration are "likely to have preclusive effect over some or all of the claims not subject to arbitration." *Katsoris*, 237 F. Supp. 3d at 111 (quotation omitted); *see also CBF Indústria de Gusa S/A v. AMCI Holdings*, Inc., 846 F.3d 35, 55 (2d Cir. 2017) ("It is settled law that the doctrine of issue preclusion is applicable to issues resolved by an earlier arbitration." (citation omitted)). And "a court should bear in mind that if the nonarbitrable claims are stayed pending arbitration of a [claimant's] other claims, then the [claimant] may wait 'months, if not years, before [her] nonarbitrable claims will be heard by a federal court.'" *Klein v. ATP Flight Sch., LLP*, No. 14-CV-1522 (JFB) (GRB), 2014 WL 3013294, at *11 (E.D.N.Y. July 3, 2014) (quoting *Chang v. Lin*, 824 F.2d 219, 222 (2d Cir. 1987)).

Here, the Court declines to exercise its discretion to stay the remaining non-arbitrable claims. Most importantly, the parties expressly declined to subject claims by Morelli Law in the 2015 Agreement. It is axiomatic that "[a]rbitration is a matter of contract," *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1958 (2015) (quotation omitted), that "as with any other contract, the parties' intentions control" the interpretation of an arbitration agreement, *Stolt-Nielsen S.A.*, 559 U.S. at 682 (quotation omitted), and that "[t]he best evidence of what parties to a written agreement intend is what they say in their writing." *CVS Pharmacy, Inc. v. Press Am., Inc.*, 377 F. Supp. 3d 359, 373 (S.D.N.Y. 2019) (quotation omitted). In the circumstances of this case, those three foundational principles counsel strongly against a discretionary stay of Morelli Law's claims under the 2015 Agreement. That agreement contains an arbitration provision, and the parties might easily have subjected claims by Morelli Law to arbitration if they had wanted to do so. That they chose not to do so is an unusually strong indication that the parties did not intend Morelli Law's claims to be subject arbitration.

Moreover, and as discussed further below, the Court also declines to subject Plaintiffs' fraudulent misrepresentation claim arising out of the 2018 Agreement to arbitration. Because there is substantial factual and legal overlap between Plaintiffs' claims under the 2015 and 2018

Agreements, the incremental burden on the parties and the Court of litigating Morelli Law's claims under the 2015 Agreement is relatively light.  Furthermore, a stay pending arbitration of Morelli Law's claims arising out of the 2015 Agreement risks subjecting it to a substantial delay in the resolution of its claims.  That risk of delay carries with it a concomitant risk of prejudice.

As noted above, the Court likewise declines to exercise its discretion to stay Plaintiffs' fraudulent misrepresentation claim arising out of the 2018 Agreement.  As noted in *Morelli I*, that agreement does not contain an arbitration provision.  2020 WL 1285513, at *12.  Because "arbitration is a matter of contract[,] . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  *Howsam*, 537 U.S. at 83 (quotation omitted). Therefore, Plaintiffs' claim arising out of the 2018 Agreement are not subject to arbitration.

Alters attempts to resist this conclusion by arguing that he never executed the 2018 Agreement.  Because that agreement is invalid, Alters' argument runs, the arbitration provision in the 2015 Agreement covers the parties' dispute as to the 2018 Agreement.  Alters points out that both the 2015 and 2018 Agreements pertain to Morelli's alleged entitlement to fees that Alters earned in cases concerning Chinese drywall.  *See generally Morelli I*, 2020 WL 1285513, at *2-4. Moreover, "the copy of the 2018 Agreement attached as an exhibit to the complaint contains two different signature pages, one of which appears to be labeled as 'v.2,' presumably meaning 'version 2' and the other as 'v.4,' presumably meaning 'version 4.'"  *Id.* at *14.  This is at least some—though hardly overwhelming—evidence in support of Alters' argument on this point.  Alters also has submitted his own declaration and declarations from his counsel, which the Court has considered, in further support of his argument that the 2018 Agreement is invalid.  Dkt Nos. 29-30, 39.[2]

Although Alters' arguments on this point are not wholly without merit, the Court declines to stay the fraudulent misrepresentation claim because, in the Court's view, there would be little benefit

---

[2] These declarations were submitted in support of Alters' motion to dismiss, which the Court denied in *Morelli I*, but Alters specifically incorporated them by reference into his petition to compel arbitration.

to doing so.  On the one hand, if Alters is wrong and the 2018 Agreement is valid, then Plaintiffs will be forced to arbitrate claims that are not properly subject to arbitration, which may result in substantial prejudice.  *Cf. Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir. 2003) (holding that a party "would be irreparably harmed by being forced to expend time and resources arbitrating an issue that is not arbitrable, and for which any award would not be enforceable." (quotation omitted)).

On the other hand, if Alters is correct and he can show that the 2018 Agreement is invalid, he can promptly move for partial summary judgment on that claim in this Court once the parties have completed the relevant discovery on the issue.  Although there will be costs associated with briefing that motion in this Court, the Court is convinced that allowing the parties to continue to litigate the claims under the 2018 Agreement in this Court achieves the best balance of fairness and efficiency on the particular facts presented in this case.  Moreover, because the parties are currently in the midst of discovery that may uncover relevant facts about whether the parties executed the 2018 Agreement, the Court may not have benefit of all relevant information necessary to decide whether the 2018 Agreement is valid at this time.  Furthermore, as noted above, there may be substantial overlap between Morelli Law's claims under the 2015 Agreement, which the parties will continue to litigate in this Court.  And, as with Morelli Law's claims under the 2015 Agreement, a stay might result in delay that would be substantially prejudicial to Plaintiffs.[3]

---

[3] Plaintiffs argue that "Alters' extrinsic evidence cannot defeat the complaint's well plead[ed] allegations[.]"  Opp. at 14 (capitalization altered).  That is wrong.  As noted in *Morelli I*, "'courts apply a standard similar to that applicable for a motion for summary judgment' to a petition to compel arbitration[.]"  2020 WL 1285513, at *13 (quoting *Nicosia*, 834 F.3d at 229).  Unlike on a motion to dismiss, well-pleaded allegations in a complaint are insufficient to defeat a motion for summary judgment and, therefore, are insufficient, in and of themselves, to defeat a petition to compel arbitration.  Plaintiffs suggest that the Court's holding that the 2018 Agreement is unassailable as "law of the case."  Opp. at 14.  That is also wrong.  Motions to dismiss and petitions to compel arbitration are subject to different standards of review.  The law of the case doctrine obviously does not immunize a court's holding that a plaintiff has adequately alleged a claim in a complaint from attack at a later stage of the litigation.  *See Nobel Ins. Co. v. City of N.Y.*, No. 00-CV-1328 (KMK), 2006 WL 2848121, at *4 (S.D.N.Y. Sept. 29, 2006) ("[A]s a ruling in favor of a plaintiff on a motion to dismiss does not address the merits of a case, such ruling will not preclude a subsequent ruling in favor of a defendant on the same issue on a motion for summary judgment following discovery." (quotation omitted)).  This is not complicated stuff; it is the most elementary procedural law.  Nonetheless, the Court declines to stay the balance of the claims in this case for the other reasons stated in this opinion.

To be sure, there are factors weighing in favor of a stay in this case.  There is some factual and legal overlap between the arbitrable and non-arbitrable claims.  And the issues decided in the arbitration may have some preclusive effect over the litigation in this case or vice versa.  However, the Court is unconvinced that the arbitrable claims "predominate" over the non-arbitrable claims.  *Genesco*, 815 F.2d at 856 (citations omitted).  Indeed, the reverse is true:  Only Morelli's individual claims arising out of the 2015 Agreement are arbitrable whereas Morelli Law's claims arising out of that agreement *and* Plaintiffs' claims arising out of the 2018 Agreement are non-arbitrable.  Furthermore, the Court cannot conclude at this stage that "the nonarbitrable claims are of questionable merit."  *Id.* (citations omitted).  Therefore, on balance, the Court is convinced that a stay of the non-arbitrable claims is not warranted in this case.

## IV. CONCLUSION

Alters' petition to compel arbitration is GRANTED in part and DENIED in part.  Morelli's fraudulent inducement and declaratory judgment claims arising out of the 2015 Agreement are subject to arbitration, so the Court compels arbitration of those claims.  Alters' request for a stay of those claims is also GRANTED.  However, Alters' petition to compel arbitration of Morelli Law's fraudulent inducement and declaratory judgment claims arising out of the 2015 Agreement and Plaintiffs' fraudulent misrepresentation claim arising out of the 2018 Agreement is DENIED.  Alters' request for a stay of those claims is likewise DENIED.

The Clerk of Court is directed to terminate the motion pending at Dkt No. 54.

SO ORDERED.

Dated:  May 8, 2020

_____
GREGORY H. WOODS
United States District Judge